UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ANGEL A. DIAZ, | ) | 1:07-CV-00061 AWI SMS HC |
| Petitioner, | ) | |
| v. | ) | FINDINGS AND RECOMMENDATION REGARDING RESPONDENT'S MOTION TO DISMISS |
| CHRIS CHRONES, | ) | [Doc. #10] |
| Respondent. | ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**BACKGROUND**[1]

Petitioner is currently in the custody of the California Department of Corrections at California State Prison, Solano, serving a term of 16 years for his 1998 convictions of sale of P.C.P., being under the influence of P.C.P., and robbery. See Petition at 2. Petitioner is challenging a 2004 prison disciplinary hearing wherein Petitioner was found guilty of possessing inmate-manufactured alcohol. See Exhibit 1, Respondent's Motion to Dismiss (hereinafter "Motion"). At the conclusion of

---

[1] This information is derived from the petition for writ of habeas corpus and Respondent's motion to dismiss the petition.

1  the hearing, Petitioner was assessed a 120-day credit forfeiture. Id.

2       Petitioner administratively appealed the decision to the director's level of review. See Exhibit

3  2, Motion. The administrative appeal was denied on November 29, 2004. Id.

4       On December 1, 2005,[2] Petitioner filed a petition for writ of habeas corpus in the Lassen

5  County Superior Court. See Exhibit 3, Motion. The petition was denied on April 24, 2006. See

6  Exhibit 4, Motion. On May 19, 2006, Petitioner filed a habeas petition in the California Court of

7  Appeals, Third Appellate District. See Exhibit 5, Motion. That petition was denied on June 1, 2006.

8  See Exhibit 6, Motion. Petitioner then filed a habeas petition in the California Supreme Court on

9  July 26, 2006. See Exhibit 7, Motion. The petition was denied on September 20, 2006, with citation

10 to In re Swain, 34 Cal.2d 300, 304 (1949), and People v. Duvall, 9 Cal.4th 464, 474 (1995). See

11 Exhibit 8, Motion.

12      On January 10, 2007,[3] Petitioner filed the instant petition for writ of habeas corpus in this

13 Court. On June 25, 2007, Respondent filed a motion to dismiss the petition for violating the statute

14 of limitations, failure to properly exhaust state remedies, failure to state a federal claim for relief, and

15 failure to plead a cognizable claim. Petitioner filed an opposition on July 17, 2007. Respondent filed

16 a reply to the opposition on July 24, 2007. Petitioner responded to Respondent's reply on August 6,

17 2007.

18                          **DISCUSSION**

19 I.  Procedural Grounds for Motion to Dismiss

20      Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a

21 petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not

22 entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

23

24     [2] Although the petition was filed in the Lassen County Superior Court on December 5, 2005, the petition was dated December 1, 2005. In Houston v. Lack, the Court held that a pro se habeas petitioner's notice of appeal is deemed filed on

25 the date of its submission to prison authorities for mailing, as opposed to the date of its receipt by the court clerk. Houston v. Lack, 487 U.S. 266, 276, 108 S.Ct. 2379, 2385 (1988). The Ninth Circuit has applied the rule to assess the timeliness of

26 federal habeas filings under the AEDPA limitations period. Huizar v. Carey, 273 F.3d 1220, 1222, (9th Cir. 2001), *citing* Houston v. Lack, 487 U.S. 266, 276, 108 S.Ct. 2379, 2385 (1988). Therefore under the mailbox rule, the Court deems the

27 petition filed on December 1, 2005, the date Petitioner presumably handed his petition to prison authorities for mailing.

28     [3] Although the petition was filed in this Court on January 11, 2007, it was dated January 10, 2007. Pursuant to the mailbox rule, the Court deems the petition filed on January 10, 2007.

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same). Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion. See Hillery, 533 F. Supp. at 1194 & n. 12.

In this case, Respondent's motion to dismiss is based on a violation of 28 U.S.C. 2244(d)(1)'s one-year limitations period, a failure to exhaust, and a failure to state a cognizable federal claim. Therefore, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

II.  Limitation Period for Filing a Petition for Writ of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA").  The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment.  Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997).

In this case, the petition was filed on January 10, 2007, and therefore, it is subject to the provisions of the AEDPA.  The AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus.  28 U.S.C. § 2244(d)(1). As amended, § 2244, subdivision (d) reads:

>   (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
>       (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>       (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

        (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

        (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

    (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitations period begins running on the date that the petitioner's direct review became final. In a situation such as this where the petitioner is challenging a prison disciplinary action, the Ninth Circuit has held that direct review is concluded and the statute of limitations commences when the final administrative appeal is denied. Redd v. McGrath, 343 F.3d 1077, 1079 (9th Cir.2003) (holding that the Board of Prison Term's denial of an inmate's administrative appeal was the "factual predicate" of the inmate's claim that triggered the commencement of the limitations period). Therefore, the limitations period commenced on November 30, 2004, the day after Petitioner's administrative appeal had been denied. See Exhibit 2, Motion. Under Section 2244(d)(1)(D), Petitioner had one year until November 29, 2005, absent applicable tolling, in which to file his federal petition for writ of habeas corpus. Petitioner did not file his federal petition until January 10, 2007, over one year after the limitations period had expired.

    A.  Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period. 28 U.S.C. § 2244(d)(2). In Carey v. Saffold, the Supreme Court held the statute of limitations is tolled where a petitioner is properly pursuing post-conviction relief, and the period is tolled during the intervals between one state court's disposition of a habeas petition and the filing of a habeas petition at the next level of the state court system. 536 U.S. 214 (2002).

As stated above, Petitioner filed his first state habeas petition on December 1, 2005. However, the limitations period had expired two days earlier on November 29, 2005. Because the

1  limitations period had already expired, the collateral challenges could have no tolling consequence.
2  Green v. White, 223 F.3d 1001, 1003 (9th Cir.2000) (Petitioner is not entitled to tolling where the
3  limitations period has already run); see also Webster v. Moore, 199 F.3d 1256 (11th Cir.2000);
4  Rendall v. Carey, 2002 WL 1346354 (N.D.Cal.2002).

5        Petitioner argues he should be entitled to statutory tolling under § 2244(d)(1)(D) from
6  November 29, 2004, until December 9, 2004, because that is the date he was served with the denial
7  of the administrative appeal by prison officials. Therefore, he argues, the factual predicate could not
8  have been discovered through due diligence until December 9, 2004. Nevertheless, as Respondent
9  correctly points out, the instant petition would continue to be untimely even if Petitioner were to be
10 granted tolling for this additional time. Provided the statute of limitations was triggered on
11 December 9, 2004, as Petitioner argues, 357 days of the limitations period would have elapsed when
12 Petitioner filed his first state habeas petition on December 1, 2005. Given the statute would then be
13 tolled pursuant to § 2244(d)(2) until the California Supreme Court denied the final habeas petition
14 on September 20, 2006, the limitations period would have expired 8 days later on September 28,
15 2006.[4] Thus, the instant petition filed on January 10, 2007, remains untimely under either scenario.

16       B. Equitable Tolling

17       The limitations period is subject to equitable tolling if the petitioner demonstrates: "(1) that
18 he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his
19 way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); see also Irwin v. Department of Veteran
20 Affairs, 498 U.S. 89, 96 (1990); Calderon v. U.S. Dist. Ct. (Kelly), 163 F.3d 530, 541 (9th Cir. 1998),
21 citing Alvarez-Machain v. United States, 107 F.3d 696, 701 (9th Cir. 1996), cert denied, 522 U.S.
22 814 (1997). Petitioner bears the burden of alleging facts that would give rise to tolling. Pace, 544
23 U.S. at 418; Smith v. Duncan, 297 F.3d 809 (9th Cir.2002); Hinton v. Pac. Enters., 5 F.3d 391, 395
24 (9th Cir.1993).

25       In this case, Petitioner should not be entitled to equitable tolling because he has failed to

---

[4] Petitioner should not be granted tolling for ninety days following the California Supreme Court's denial as Respondent would allow, because orders issued by the California Supreme Court on habeas petitions after December 31, 2002, are final on filing. Cal. R. Court § 8.532(b)(2)(c); Phelps v. Alameda, 366 F.3d 722, 724 n.1 (9th Cir.2004).

demonstrate that he has been pursuing his rights diligently, or that some extraordinary circumstance stood in his way.

III.  Failure to Exhaust State Remedies

As further grounds for dismissal, Respondent claims Petitioner has failed to exhaust his state remedies.

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1).  The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations.  Coleman v. Thompson, 501 U.S. 722, 731 (1991);  Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996).  A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).

In this case, Petitioner did not provide the California Supreme Court with a full and fair opportunity to consider his claims. The petition he filed was denied with citation to In re Swain, 34 Cal.2d 300, 304 (1949), and People v. Duvall, 9 Cal.4th 464, 474 (1995). See Exhibit 8, Motion. In re Swain articulates the procedural requirements that a California habeas petitioner allege with particularity the facts supporting his claims and explain and justify the delay in the presentation of those claims.  In re Swain, 34 Cal.2d 300, 304, 209 P.2d 793 (1949).  The Ninth Circuit has held that an In re Swain citation is a denial on procedural grounds, because such a deficiency, when it exists, can be cured in a renewed petition. Kim v. Villalobos, 799 F.2d 1317, 1319 (9th Cir. 1986); Harris v. Superior Court, 500 F.2d 1124, 1128, (9th Cir. 1974). Further, Duvall reiterates the requirement that an application for habeas corpus "should both (i) state fully and with particularity the facts on

which relief is sought, as well as (ii) include copies of reasonably available documentary evidence supporting the claim, including pertinent portions of trial transcripts and affidavits or declarations." Duvall, 9 Cal.4th at 474 (citations omitted). Because Petitioner has not given the California Supreme Court a full and fair opportunity to consider his claims, they remain unexhausted. Thus, Respondent's motion to dismiss on this basis should also be granted.

IV.  Failure to State a Cognizable Federal Claim

The basic scope of habeas corpus is prescribed by statute.  Subsection (c) of Section 2241 of Title 28 of the United States Code provides that habeas corpus shall not extend to a prisoner unless he is "in custody in violation of the Constitution." 28 U.S.C. § 2254(a) states:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to a judgment of a State court *only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States*.

(emphasis added).  See also, Rule 1 to the Rules Governing Section 2254 Cases in the United States District Court.  The Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody . . ." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).

Furthermore, in order to succeed in a petition pursuant to 28 U.S.C. § 2254, Petitioner must demonstrate that the adjudication of his claim in state court

> resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1),(2).

In the instant case, contrary to Respondent's contentions Petitioner has presented a cognizable federal claim. Petitioner claims a violation of his due process rights citing Wolff v. McDonnell, 418 U.S. 539 (1974) and Superintendent, etc. v. Hill, 472 U.S. 445, 454-455 (1984). He claims he was denied his due process rights when the prison hearing officer denied his request to call witnesses on his behalf. This is a cognizable federal claim.

However, the Court agrees that the rest of the petition is based solely on the application of

state procedural rules and guidelines. Issues of state law generally are not cognizable on federal habeas. Estelle v. McGuire, 502 U.S. 62, 67, (1991) ("We have stated many times that 'federal habeas corpus relief does not lie for errors of state law.' "), *quoting* Lewis v. Jeffers, 497 U.S. 764, 780 (1990). The claims are also conclusory in that Petitioner fails to state how the state's failure to abide by certain procedures resulted in any prejudice. Normally, the Court would recommend striking that portion of the petition that fails to state a claim and then proceeding with the viable claims; however, in this case the petition also suffers from several other defects discussed above. Therefore, the Court will recommend dismissal on those bases.

## RECOMMENDATION

Accordingly, the Court HEREBY RECOMMENDS that Respondent's motion to dismiss be GRANTED and the petition be DISMISSED WITH PREJUDICE for Petitioner's failure to comply with 28 U.S.C. § 2244(d)'s one year limitation period and for failure to exhaust state remedies.

This Findings and Recommendation is submitted to the Honorable Anthony W. Ishii, United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.

Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   August 23, 2007**              **/s/ Sandra M. Snyder**
                                          UNITED STATES MAGISTRATE JUDGE